UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD CARTER,

Petitioner,

v.

DEBBIE ASUNCION,

Respondent.

Case No. 16-cv-07167-JD

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. Nos. 2, 3, 5

Harold Carter, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis.

**BACKGROUND**

A jury found petitioner guilty of one count of first degree murder and various sentencing enhancements. *People v. Carter*, No. A135833, 2014 WL 2927570, at *1 (Cal. Ct. App. June 27, 2014). The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Petitioner states that all claims were presented to the California Supreme Court. Petition at 4.

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

United States District Court
Northern District of California

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) he is entitled to equitable tolling for the late filing of the petition; (2) the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963); (3) trial counsel was ineffective; and (4) the trial court erred by allowing the prosecution to cross examine him with a prejudicial photograph.

Petitioner's first claim regarding equitable tolling is not properly brought as a habeas claim and is dismissed. If respondent files a motion to dismiss the petition as untimely, then petitioner may present arguments for equitable tolling. Liberally construed, the remaining claims are sufficient to require a response.

Petitioner has also requested the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require", representation may be provided for any financially eligible person. Petitioner has presented his claims adequately, and they are not particularly complex.

**CONCLUSION**

1. Leave to proceed in forma pauperis (Docket Nos. 2, 5) is **GRANTED**. The motion to appoint counsel (Docket No. 3) is **DENIED**.

2. The first claim is dismissed. Claims two, three and four are sufficient to proceed. The clerk shall serve by regular mail a copy of this order and the petition and all attachments

United States District Court
Northern District of California

thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 6, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD CARTER,

Plaintiff,

v.

DEBBIE ASUNCION,

Defendant.

Case No. 16-cv-07167-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold Carter
G13886
CSP Lancaster
P.O. Box 4670
Lancaster, CA 93539

Dated: February 6, 2017

Susan Y. Soong
Clerk, United States District Court

By: [signature]
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO



United States District Court
Northern District of California