UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD CARTER,<br>    Petitioner,<br>v.<br>DEBBIE ASUNCION,<br>    Respondent. | Case No. 16-cv-07167-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. No. 9 |

Harold Carter, a pro se state prisoner, filed a habeas petition under 28 U.S.C. § 2254. Respondent originally filed a motion to dismiss on the ground that the petition was barred by the statute of limitations. The Court advised Carter to file an opposition and provided an extension of time for him to do so, but Carter failed to submit any filings or otherwise communicate with the Court. The Court reviewed the motion and ordered both parties to file additional briefing regarding exhaustion and equitable tolling. Respondent filed supplemental briefing regarding exhaustion and argued that none of the claims have been exhausted. Twice since ordering the additional briefing, the Court advised Carter that he must file briefing and that he should address whether he seeks a stay if the claims are unexhausted. Carter has not submitted any filings or otherwise communicated with the Court. The Court has still looked to the merits of the motion and finds that the petition is unexhausted.

**BACKGROUND**

On June 25, 2012, Carter was sentenced to 25 years to life. Motion to Dismiss ("MTD") Ex. 2. On direct review to the California Court of Appeal, Carter raised a single claim alleging that the trial court erred by allowing the prosecution to cross examine him with a prejudicial photograph if he were to testify. MTD Ex. 7. On June 27, 2014, the California Court of Appeal

affirmed the judgment. MTD Ex. 3. Carter sought review in the California Supreme Court, but the court denied review. MTD Exs. 4, 8. Carter filed a state habeas petition in the Alameda County Superior Court raising a claim that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963). MTD Ex. 5. The superior court denied the petition. MTD Ex. 6. Carter filed no other state petitions.

As grounds for federal habeas relief, Carter asserts that: (1) the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963); (2) trial counsel was ineffective; and (3) the trial court erred by allowing the prosecution to cross examine him with a prejudicial photograph if he were to testify.

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see Picard v. Connor*, 404 U.S. 270, 275 (1971); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (characterizing *Picard* as requiring "reference to a specific federal constitutional guarantee" in state court; presentation of facts underlying claim not sufficient); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) (general reference to federal Constitution "as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim."). Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. *Baldwin v. Reese*, 541 U.S. 27, 30-34 (2004); *see*, *e.g.*, *id*.

(where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim federal." *Baldwin*, 541 U.S. at 32. A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson*, 319 F.3d at 1158 (holding that a federal claim can be fairly presented by citation to state cases analyzing the federal issue). Citation of irrelevant federal or state cases—for instance cases which discuss federal evidentiary rules or the Fifth Amendment when the federal habeas claim is based on the Fourteenth Amendment—does not suffice. *Castillo v. McFadden*, 399 F.3d 993, 1001 (9th Cir. 2004).

For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be read differently from counseled petitions. *Peterson*, 319 F.3d at 1159. "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." *Id*. at 1159.

**DISCUSSION**

Carter's ineffective assistance of counsel claim and *Brady* claim were never presented to the California Supreme Court and are therefore unexhausted. Carter's claim that the trial court erred by allowing the prosecution to cross examine him with a prejudicial photograph was presented to the California Supreme Court. Respondent argues that Carter failed to allege any federal constitutional basis for the claim, thus no federal claim was exhausted and the entire petition is unexhausted.

In his appeal to the California Court of Appeal, Carter, represented by counsel, specifically argued that the trial court's ruling regarding the prejudicial photograph violated the Fifth, Sixth and Fourteenth Amendments of the Constitution. MTD Ex. 7 at 15. Carter presented specific

arguments and cited to a federal case. *Id*. at 27-30. The California Court of Appeal held that Carter failed to preserve his claim for review on appeal and regardless the claim failed on the merits. MTD, Ex. 3 at 3-5.

However, Carter did not present any claims or arguments in the petition to the California Supreme Court regarding a violation of his federal rights. Carter, still represented by counsel, argued that the trial court erred with respect to the prejudicial photograph but only argued that it was a violation of state law. MTD Ex. 8 at 13-20. Carter cited to no federal cases, federal law or constitutional amendments for this aspect of his claim. *Id.*[1]

Carter also separately argued to the California Supreme Court that he had preserved his claim for review and he did cite to one federal case, *Luce v. United States*, 469 U.S. 38 (1984). In *Luce*, the Supreme Court adopted as a rule of federal criminal procedure that an error in a ruling on the admissibility of a prior offense for purposes of impeachment is preserved for appeal only if the defendant testifies and suffers impeachment. *Id*. at 43. While this issue was argued on appeal in the state courts, Carter's claim in the federal petition is that his federal rights were violated by the trial court's decision regarding the photograph. The California Court of Appeal also looked to the merits of the claim in denying it. It is clear from the federal petition that Carter is challenging the evidentiary ruling by the trial court as a violation of the federal constitution, but he failed to present this claim to the California Supreme Court. The federal claim is unexhausted. *See Duncan*, 513 U.S. at 366. To the extent Carter exhausted a claim challenging the state evidentiary ruling under state law and seeks to challenge that ruling in this petition, he fails to present a federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Carter has presented an entirely unexhausted federal petition, but a district court has the discretion to stay a petition that contains only unexhausted claims under the circumstances set

---

[1] Carter did not cite to any denial of due process and even if he had, a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *as modified on denial of reh'g and reh'g en banc* (1997).

4

forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016). When faced with a post-AEDPA mixed petition, the Court, before dismissing the petition, must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed-petition by striking unexhausted claims as an alternative to suffering dismissal. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines*, 544 U.S. at 277) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed). On three separate occasions the Court provided Carter an opportunity to address whether this petition is mixed or unexhausted and whether he would seek a stay to exhaust the claims. Docket Nos. 14, 16, 19. Carter has not responded and has failed to request a stay. This case is dismissed without prejudice as unexhausted. If Carter exhausts his claims in state court he may then file a new federal petition, though the Court takes no position if such a petition would be timely.

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 9) is **GRANTED** and this case is **DISMISSED** without prejudice as unexhausted.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: March 1, 2018

_____
JAMES DONATO
United States District Judge

5

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

HAROLD CARTER,

    Plaintiff,

v.

DEBBIE ASUNCION,

    Defendant.

Case No. 16-cv-07167-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harold Carter
G13886
P.O. Box 5101
Delano, CA 93216

Dated: March 1, 2018

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO